E-FILED
Friday, 04 June, 2021  12:57:58 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-cr-30103** |
| | ) | |
| **CHARLES WILLIAM ARMOUR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Charles Armour's second pro se motion for compassionate release (d/e 126) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On July 28, 2008, Defendant Charles Armour pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  He was sentenced on November 17, 2008, to 51 months of imprisonment followed by a three-year term of supervised release.  On October 23, 2012, Defendant began his term of supervised release.  On May 8, 2014, a petition to revoke

Defendant's supervised release was filed.

On March 9, 2015, Defendant admitted to the violation of his mandatory condition of supervised release for aggravated domestic battery and aggravated battery.  Defendant was sentenced to 24 months of imprisonment to run consecutively with any sentence imposed in the Adams County Circuit Court, Case No. 14-CF-245 and one additional year of supervised release.

On April 21, 2014, Defendant was charged in Adams County Circuit Court for aggravated domestic battery and aggravated battery for the same conduct underlying the federal revocation.  He was sentenced to 7 years of imprisonment.  Defendant is currently serving his sentence at the BOP facility MCFP Springfield.  He has a projected release date of August 13, 2022.

On May 28, 2020, Defendant filed a motion for compassionate release. See d/e 100.  The Federal Public Defender was appointed, and on June 1, 2020, an amended motion for compassionate release was filed on Defendant's behalf.  See d/e 103.  Defendant sought compassionate release due to his health issues and the COVID-19 pandemic.  At the time, Defendant was serving his state sentence at an Illinois Department of Corrections facility.  On June

2, 2020, the Government filed a response opposing Defendant's motion.  <u>See</u> d/e 44.

On May 7, 2021, Defendant filed a second pro se motion for compassionate release due to the risks associated with COVID-19 and his health conditions pursuant to 18 U.S.C. § 3582(c)(1)(A). <u>See</u> Motion, d/e 126.  On May 18, 2021, the Government filed a response opposing Defendant's request for compassionate release. <u>See</u> Response, d/e 129.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  <u>See</u> 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  <u>See</u> First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate

release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30

days from when the inmate made his or her request, whichever is

earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the
> factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a
> reduction . . . and that such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement

of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory claim-processing rule

and therefore must be enforced when properly invoked." United

States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021).

In this case, Defendant presented proof that he submitted a request to the warden of Defendant's facility on January 28, 2021. See d/e 126, p. 16.  His request was denied by the warden on March 8, 2021.  Id. at 17.  Thirty days have lapsed since Defendant submitted the request.  Further, the Government did not argue that Defendant failed to exhaust his administrative remedies.  See Response, d/e 129.  Therefore, the Court finds that Defendant has met the exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A).

Defendant has previously argued to this Court that his health conditions combined with the COVID-19 pandemic in prison presented extraordinary and compelling reasons that warrant compassionate release, and Defendant makes the same argument today.  Defendant contends that he suffers from cirrhosis of the liver, hepatitis C, several neurological conditions related to his spine, chronic obstructive pulmonary disease (COPD), and asthma. See d/e 126, p. 16.  As of May 17, 2021, the medical records indicate Defendant is being treated for the following conditions: esophageal reflux, lower back pain, lumbago; epilepsy/seizure disorder; migraine; polyneuropathy, unspecified; disease of spinal

cord, unspecified; atopic dermatitis, unspecified; and encounter for screening for malignant neoplasm of colon.  <u>See</u> Medical Records, d/e 131, pp. 155-56.  The records indicate that Defendant's hepatitis C is in remission.  <u>Id.</u> at 156.

The Court previously found that Defendant Armour did not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  <u>See</u> Opinion, d/e 117.  At the time, he was housed at Taylorville Correctional Center, which had no cases of COVID-19 at the facility.  Defendant is now housed at MCFP Springfield, which is a medical facility that does not have any active COVID-19 cases among inmates or staff members at this time.  <u>See</u> COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 3, 2021).

Regardless, the Court finds that Defendant remains "a danger to the safety" of others in the community because Defendant did not submit a suitable release plan.  <u>See</u> USSG § 1B1.13 (advising that a court may reduce a term of imprisonment if the court determines that . . . "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]").  Defendant requested to live with his uncle outside of

the Central District of Illinois.  The U.S. Probation Office conducted

an interview into Defendant's proposed release plan.  <u>See</u> Report,

d/e 132.  Several attempts were made to contact Defendant's uncle,

which were unsuccessful.  Therefore, the Court finds that

Defendant is still a danger to the public.

### III. CONCLUSION

For the reasons set forth above, Defendant Armour's second

pro se motion (d/e 126) is DENIED.   The Clerk is DIRECTED to

send a copy of this Opinion to MCFP Springfield.

**ENTER:  June 3, 2021.**

<u>*s/ Sue E. Myerscough*</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**